## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JEREMY WILSON TACONY,  )
)
        Plaintiff,  )
)
    v.  )        No. 4:21-CV-195 DDN
)
JEFFERSON COUNTY SHERIFF'S DEPT.,  )
et al.,  )
)
        Defendants.  )

### OPINION,  MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jeremey Wilson Tacony, a pretrial detainee at Jefferson County Jail, for leave to commence this action without payment of the required filing fee.  For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

2

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a pretrial detainee at Jefferson County Jail, filed the complaint pursuant to 42 U.S.C. § 1983 against the Jefferson County Sheriff's Department and the Jefferson County Jail. Plaintiff states that he is suing defendants in their official capacities only.

Plaintiff asserts that due to the Covid-19 pandemic, the public defenders have arranged to meet with inmates over zoom. He claims that the microphones are loud and that this allows other inmates to hear what the attorneys are saying to inmates.[1] Plaintiff states that because of other

---

[1] Plaintiff does not elaborate on how defendants violated his rights. To the extent he is claiming that allowing inmates to overhear conversations between plaintiff and his attorney is a violation of the First and Fourteenth Amendment, his assertion is invalid. He does not claim that defendants prevented him from communicating with his attorney, either by phone or during the zoom meetings. Rather, plaintiff appears to be asserting a breach of attorney-client privilege. But attorney-client privilege is not protected by the First Amendment unless plaintiff shows a violation of his right to access the court. *See Howell v. Trammell*, 728 F.3d 1202, 1222 (10th Cir. 2013) (holding attorney-client privilege standing alone is a rule of evidence, not a constitutional right); *Evans v. Moseley*, 455 F.2d 1084, 1086-87 (10th Cir. 1972) (holding a prisoner's right to correspond with his attorney extends only to issues involving access to courts). Thus, even taking all the allegations in the complaint as true, plaintiff has failed to state a plausible claim under the First Amendment upon which relief can be granted. Plaintiff has also not alleged facts plausibly showing that the government became privy to his attorney-client communication because of the intrusion, as he has not alleged that defendants obtained information from plaintiff's conversations with his attorney and provided it to the government. Nor has he alleged that he suffered prejudice from the alleged intrusion. Thus, even taking all the well-pled facts in the complaint as true, plaintiff has not stated a plausible claim under the Sixth Amendment upon which relief can be

3

inmates hearing what his attorney has said to him on zoom (the video monitor), he has been "harassed" and "even physically assaulted." However, plaintiff does not detail what the "physical assault" entailed or if he was injured from the assault. Plaintiff does state that he believes he should have more privacy with his attorney than the zoom video monitors allow for. He asserts that he believes that prosecutors *could* listen in on the zoom, and he thinks this could be a violation of his rights. However, he does not indicate that the named defendants actually listened in on zoom and provided information gleaned from plaintiff's attorney to the government.

Plaintiff seeks five million dollars in damages in this lawsuit.

### Discussion

The complaint is subject to dismissal as currently plead. Plaintiff's claim against the Jefferson County Jail/Sheriff's Department are legally frivolous because these entities cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff's official capacity claims against defendants are also subject to dismissal. Plaintiff's official capacity claims are actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th

granted. *See Perry v. Wells*, 2021 WL 1089421, at *3 (D. Kan. March 22, 2021) (citing *United States v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007) (holding a Sixth Amendment violation requires proof of prejudice from intrusion upon attorney work product); *United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991) (holding a litigant must show prejudice to establish a Sixth Amendment violation); *McCoy v. Kansas Dept. of Corrections*, 2017 WL 3453399 at *4-5 (D. Kan. Aug. 11, 2017) (finding no Sixth Amendment violation alleged where there is no claim of prejudice from recorded calls to attorney); *Carrier v. Lundstedt*, 2015 WL 1041835 *3-4 (D. Colo. March 4, 2015) (dismissing Sixth Amendment claim for failure to allege facts showing prejudice)).

Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendants are alleged to be employed by the Jefferson County Jail/Sheriff's Department Accordingly, plaintiff's official capacity claims are against their employer, Jefferson County.

A local governing body such as Jefferson County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Jefferson County.

First, plaintiff can show that Jefferson County had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy

5

with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Jefferson County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an

unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He has failed to articulate any unconstitutional policy or custom allegedly implemented by defendants. He also fails to present any facts indicating that Jefferson County failed to train its employees. Instead, plaintiff's complaint focuses on the application of quarantine measures to him in Jefferson County Jail during the Spring of 2021 during the Covid-19 Pandemic. The Court, however, cannot infer the existence of an unconstitutional policy or custom from the application of quarantine measures during a pandemic, which occurred to everyone within the Jail.

As such, plaintiff's official capacity claims against defendants must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE